IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RYAN FRANK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:18-CV-00755 |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Frank filed this case under 42 U.S.C. § 405(g) of the Social Security Act for review of the Commissioner's final decision denying his request for disability insurance benefits and supplemental security income under the Act. The Commissioner and Frank moved for summary judgment (Dkt. 10, 11, 12) and the Commissioner responded to Frank's motion. (Dkt. 13). After considering the pleadings, the record, and the applicable law, the court **GRANTS** Frank's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case to the Commissioner.[1]

### I. BACKGROUND

**1. Factual and Administrative History**

Frank filed a claim for social security disability insurance benefits on October 23, 2015 alleging a disability onset date of October 1, 2007 due to post traumatic stress disorder with major depression, chronic bilateral ankle pain, cervical strain, lumbar strain, migraines, chronic bilateral

---

[1] On December 14, 2018, the parties consented to proceed before a United States Magistrate judge for all purposes, including the entry of a final judgment under 28 U.S.C. § 636 (c). (Dkt. 6).

knee pain, and tinnitus. (Dkt. 3-4 at 2). Following the denial of his application and subsequent request for reconsideration, Frank requested a hearing before an Administrative Law Judge (ALJ). A hearing took place on March 13, 2017 and Frank amended his alleged onset date to May 1, 2014. (Dkt. 3-3 at 79). The ALJ issued a decision on April 26, 2017, finding that Frank was not disabled within the meaning of the Social Security Act. (Dkt. 3-3 at 56-69). The Appeals Council denied review on August 28, 2017 (Dkt. 3-3 at 2-7), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

**2. Standard for District Court Review of the Commissioner's Decision**

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Frank v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999).

With respect to all decisions other than conclusions of law,[2] "[i]f the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence has also been defined as "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). When reviewing the Commissioner's decision, the court

---

[2] Conclusions of law are reviewed *de novo*. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.* The courts strive for judicial review that is "deferential without being so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

### 3. Disability Determination Standards

The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing 42 U.S.C. § 423(d)(1)(A)). A finding at any point in the five-step sequence that the claimant is disabled, or is not disabled, ends the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the first step, the ALJ decides whether the claimant is currently working or engaged in substantial gainful activity. Work is "substantial" if it involves doing significant physical or mental activities, and "gainful" if it is the kind of work usually done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972; *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014).

In the second step, the ALJ must determine whether the claimant has a severe impairment. Under applicable regulations, an impairment is severe if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Under Fifth Circuit binding precedent, "[a]n impairment can be considered as not severe *only if* it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere

with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)). "Re-stated, an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Id.* The second step requires the claimant to make a *de minimis* showing. *See Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992); *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

If the claimant is found to have a severe impairment, the ALJ proceeds to the third step of the sequential analysis: whether the severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment meets one of the listings in Appendix 1, the claimant is disabled. If the ALJ finds that the claimant's symptoms do not meet any listed impairment, the sequential analysis continues to the fourth step.

Prior to step four, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545). The ALJ must base the RFC determination on the record as a whole and must consider all of a claimant's impairments, including those that are not severe. 20 C.F.R. §§ 404.1520(e), 404. 1545(e); *Giles*, 433 F. App'x at 245; s*ee also Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990). Once the ALJ has determined the claimant's RFC, the ALJ then decides whether the claimant can still perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

The claimant bears the burden to prove disability at steps one through four, meaning the claimant must prove he is not currently working and is no longer capable of performing his past relevant work. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). At step five, the burden shifts to the Commissioner to show that the "claimant is capable of engaging in some type of alternative work that exists in the national economy." *Id*. Thus, in order for the ALJ to find in step five that the claimant is not disabled, the record must contain evidence demonstrating that other work exists in significant numbers in the national economy, and that the claimant can do that work given his RFC, age, education, and work experience. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1998).

### 4. The ALJ's Decision

The ALJ performed the standard 5-step sequential analysis. The ALJ found that Frank met the insured status of the Act through March 31, 2019; had not engaged in substantial gainful activity since his alleged onset date of May 1, 2014; and had the severe impairments of "PTSD, major depressive disorder, [and] history[ies] of bilateral knee pain, . . . right ankle sprain, . . . low back pain, and . . . cervical strain[.]" (Dkt. 3-3 at 58-59). The ALJ determined that none of his impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 59-60).

The ALJ further determined that Frank had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[3] except:

> "he is precluded from using ladders, ropes, [and] scaffolds. He is able to climb stairs. All other postural maneuvers are limited to occasional. He can only be involved with occasional interaction with supervisors and coworkers. He is precluded from interaction with the general public. He can do simple detailed tasks, even some complex tasks provided they relate to past work or subjects of training. He is limited to a low stress work environment."

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

(*Id*. at 60). Based on the testimony of a vocational expert, the ALJ found these restrictions prevent Frank from performing his past relevant work as military personnel. (*Id.* at 66.). However, at step five, the ALJ determined that Frank has the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including shipping and receiving weigher, price marker, and cleaner/housekeeper. (*Id*. at 67). Ultimately, the ALJ concluded that Frank "has not been under a disability, as defined in the Social Security Act, from May 1, 2014, through the date of this decision." (*Id.* at 69).

## II. ANALYSIS

Frank asserts two points of error in his appeal to this court:

1. The ALJ failed to give great weight to the Department of Veterans Affairs' assessment of his disability; and

2. The Appeal Council failed to properly consider new and material evidence submitted after the administrative hearing.

(Dkt. 12 at 5-13). The court finds the first point of error requires remand.

**1. The ALJ erred by failing to consider Frank's Veterans Affairs disability determination.**

On December 27, 2016, the Veterans Affairs Administration (VA) determined that Frank suffered from disabilities connected to his military service. (Dkt. 3-11 at 39). While the Commissioner argues that the record does not contain the actual disability assessment, the record does reflect the VA's assignment of the following percentages to each of Frank's impairments: post-traumatic stress disorder (70%); migraine headaches (30%); tinnitus (10%); lumbosacral or cervical strain (10%); limited motion of ankle (10%); limited flexion of knee (10%); limited motion of ankle (10%); and limited flexion of knee (10%). (Dkt. 3-11 at 39).

A VA disability rating is not legally binding on the Commissioner because the VA uses different criteria than the Commissioner when determining a veteran's disability rating. *Chambliss*

v. *Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(per curiam) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000). However, the VA disability rating, like a physician's finding, must be considered by the ALJ and constitutes evidence entitled to a certain amount of weight. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir.1981)). The appropriate weight given to the VA disability rating will depend on the factual circumstances of each case, but in many cases the determination will be entitled to "great weight." *Chambliss*, 269 F.3d at 522. As with the opinion of a treating physician, an "ALJ[] need not give 'great weight' to a VA disability determination if [the ALJ] adequately explain[s] the valid reasons for not doing so." *Chambliss*, 269 F.3d at 523.

An ALJ commits reversible error by failing to consider the VA disability rating and explain the reasons for discounting it. *Williams v. Berryhill*, No. H-17-1061, 2018 WL 3750520, at * 14 (S.D. Tex. July 17, 2018) (internal quotations omitted). The ALJ's decision "must show meaningful consideration of the VA disability determination and provide specific reasons for giving the determination diminished weight." *Albo v. Colvin*, No. 2:12-cv-0066, 2013 WL 5526584, at * 8 (N.D. Tex. Sept. 30, 2013). The ALJ in this case did not question Frank about the determination at the administrative hearing and made no mention of the VA disability determination in his written decision. The ALJ's failure to address the VA disability rating and provide reasons for the weight afforded the evidence constitutes reversible error.

The Commissioner argues that the ALJ in this case did not err because the revised Social Security regulations eliminate the requirement that the ALJ consider the disability decisions of other entities. (Dkt. 13 at 2) (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844-01 (Jan. 18, 2017) (2017 WL 168819). However, the revised regulations apply to *claims filed on or after March 27, 2017*. 20 C.F.R. § 404.1504 (emphasis

added). The revised regulations do not apply to Frank's claim which was filed on *October 23, 2015*. (Dkt. 3-6 at 2). Therefore, ALJ was required to consider the VA's disability decision and provide specific reasons for declining to give the decision great weight, and the failure to do so constitutes reversible error. *Albo*, 2013 WL 5526584, at * 8 (failure to discuss the basis for the VA disability determination was reversible error.).

    **2. Remand is required.**

In a case filed prior to March 27, 2017, the ALJ commits legal error when he fails to consider the VA disability and provide specific reasons for discounting it. *See Rasco v. Berryhill*, No. 4:17-CV-946, 2018 WL 587948 at *4 (S.D. Tex. Jan 5, 2018) *adopted*, 2018 WL 560400 (S.D. Tex. Jan. 25, 2018); *Beltran v. Astrue*, No. 4:09-CV-111, 2010 WL 519760 at *4 (collecting cases). The ALJ's failure "to consider the VA's disability determination is… not subject to the harmless error analysis as the Court cannot try issues de novo, reweigh the evidence, nor substitute its findings for those of the Commissioner." *Rasco*, 2018 WL 587948 at *5 (citations omitted); *Johnson v. Colvin*, No. 15-CV-0189, 2016 WL 3982569 at *4 (W.D. Tex. July 20, 2016) ("ALJ's failure to properly discuss the VA disability rating constitutes reversible error warranting a remand"). Although the ALJ's decision in this case states that he "considered all of the evidence . . . even if not specifically mentioned [in his] decision[,]" (Dkt. 3-3 at 56), the Court cannot assume that the ALJ considered the VA's disability determination without a discussion of the VA's finding and the ALJ's reasons for discounting it. *See Williams*, 2018 WL 3750520, at * 15; *Welch v. Barnhart*, 337 F.Supp.2d 929, 936 (S.D. Tex. 2004) (ALJ's failure to "expressly or implicitly" discuss the VA disability rating was reversible error).

Because legal error requires remand in this case, the court need not reach the issue of whether the ALJ erred by failing to consider new and material evidence. The July 20, 2017 assessment by Adriana Strutt, Ph.D. is now part of the record and can be considered on remand.

### III. CONCLUSION

For the reasons discussed above, the court **GRANTS** the Frank's motion, **DENIES** the Commissioner's motion, and **REMANDS** the final decision of the Commissioner for further adjudication consistent with this memorandum.

Signed on July 31, 2019, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge